# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATHANIEL RICHARDSON
        Plaintiff,

v.                                                       Case No. 07C0834

R.J. REYNOLDS TOBACCO CO.,
        Defendant.

## DECISION AND ORDER

Pro se plaintiff Nathaniel Richardson brings this strict liability claim, alleging that Kool Super Long 100's, a brand of cigarettes manufactured and sold by defendant R.J. Reynolds Tobacco Co., which plaintiff alleges he smoked for over thirty years, was defectively designed and caused him to contract emphysema. Before me now is defendant's motion for summary judgment.

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). I take the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The parties do not dispute that the substantive issues presented are governed by Wisconsin law. To survive defendant's motion, plaintiff must present sufficient evidence to enable a reasonable factfinder to conclude that:

> (1) the product was in a defective condition when it left the possession or control of the seller, (2) it was unreasonably dangerous to the user or

consumer, (3) the defect was a cause (a substantial factor) of the plaintiff's injuries or damages, (4) the seller engaged in the business of selling such product or, put negatively, that this is not an isolated or infrequent transaction not related to the principal business of the seller, and (5) the product was one which the seller expected to and did reach the user or consumer without substantial change in the condition it was in when it sold it.

Dippel v. Sciano, 37 Wis. 2d 443, 459 (1967).

Wisconsin applies the consumer-contemplation test in products liability cases. Green v. Smith & Nephew AHP, Inc., 245 Wis. 2d 772, 797-798 (2001). Under this test, a product is defective when it is in a condition not contemplated by the ultimate consumer and unreasonably dangerous to that consumer. Id. at 797. A defective product is unreasonably dangerous when it is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased it with the ordinary knowledge common to the community as to the product's characteristics. Sumnicht v. Toyota Motor Sales, Inc., 121 Wis. 2d 338, 367 (Wis. 1984). This is an objective test and is not dependent upon the knowledge of the particular injured consumer. Id. at 370. "If the average consumer would reasonably anticipate the dangerous condition of the product and fully appreciate the attendant risk of injury, it would not be unreasonably dangerous and defective." Id.; see also Insolia v. Phillip Morris, Inc., 216 F.2d 596, 599 (7th Cir. 2000).

No reasonable juror could find for plaintiff because plaintiff submits no evidence indicating that the brand of cigarettes in question was in a dangerous condition not contemplated by the ordinary user. As I indicated previously, "[s]tate common law only affords a remedy to individuals who can establish that tobacco products rather than their own negligence or disregard of the inherent risks of tobacco caused them to suffer

injuries." Richardson v. R.J. Reynolds Tobacco Co., 578 F. Supp. 2d 1073, 1078 (E.D. Wis. 2008).

Plaintiff also does not present sufficient evidence to establish that the product in question caused his illness. To prove causation, plaintiff must show that the product defect "has such an effect in producing the harm as to lead the trier of fact, as a reasonable person, to regard it as a cause . . . ." Sumnicht v. Toyota Motor Sales, Inc., 121 Wis. 2d 338, 358 (Wis. 1984) (quoting Clark v. Leisure Vehicles, Inc., 96 Wis. 2d 607, 617-18 (1980)). Plaintiff does not satisfy this burden for several reasons. First, he does not present admissible evidence establishing that he has emphysema. Unauthenticated medical records containing inadmissible hearsay are not enough to create a triable issue of fact. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). Also, plaintiff presents no expert testimony. The cause of his illness is a medical question that an ordinary person with ordinary experience of mankind cannot answer, and thus without expert medical testimony to support his claim, no reasonable jury could find in his favor. See Weiss v. United Fire & Cas. Co., 197 Wis.2d 365, 380-81 (1995).

For the reasons stated,

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment is **GRANTED** and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 14 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge

3